(26 App. Div. 595.)
## LUNDBECK v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   March 22, 1898.)

OBSTRUCTIONS IN STREET—EVIDENCE.
    In an action against a city to recover damages for injuries received by plaintiff in stumbling at night over the stump of a tree which stood several inches above the surface of the ground, in an avenue of the city, *held*, that the exclusion of evidence offered by plaintiff, that other persons had fallen at the same place, constituted reversible error.

Appeal from trial term.

Action by Charles Lundbeck against the city of Brooklyn.   From a judgment entered on a verdict, and from an order denying a motion for a new trial, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. Kettell, for appellant.
Almet F. Jenks, for respondent.

WOODWARD, J.   The plaintiff in this action is a physician.   In making a professional call at 1379 Bushwick avenue, in the city of Brooklyn, on the evening of October 28, 1894, he is alleged to have fallen over the stump of a tree which stood seven or eight inches above the surface of the ground, and to have sustained permanent injuries, resulting in traumatic stricture of the urethra.   On the trial of the action the plaintiff offered to prove, in addition to the facts immediately connected with the accident, that other persons had fallen at the same place, and, upon objection by the defendant, such evidence was excluded.   The single question is presented whether the court erred in excluding the testimony.   If it did not, then the verdict in favor of the defendant must stand.

The record of the trial, in so far as it is material to this question, is as follows:   The wife of the patient was asked: "Had you observed anybody fall over that stump before this accident?   A. Yes, sir.   Mr. Van Cott: I object, and move to strike it out.   The Court: Yes, I exclude it.   (Exception.)"   Thomas, a witness for the plaintiff, swore: "My attention was called as I was passing to a child that had fallen.   Mr. Van Cott: I object to that, and move to strike it out.   The Court: Strike it out.   (Exception.)"

The admissibility of this kind of evidence is hardly open to question. It has been held repeatedly that it was competent for the plaintiff to show, in an action for damages growing out of the neglect of municipalities, that similar accidents had happened at the same point and were due to the same causes.   This was held in the case of Quinlan v. City of Utica, 11 Hun, 217, affirmed by the court of appeals 74 N. Y. 603, and cited with approval in the case of District of Columbia v. Armes, 107 U. S. 519, 2 Sup. Ct. 840; and this court in the case of Cohn v. Railroad Co., 6 App. Div. 196, 39 N. Y. Supp. 986, recognized the same doctrine in the declaration that "it is doubtless competent to show that horses or persons frequently caught their feet at a crossing, or continually slipped on a sidewalk, to show that

the crossing or sidewalk was in a dangerous condition.   \*   \*   \*   In the cases taken as examples, evidence of the character stated would constitute evidence of the defendant's negligence, for it would be negligence to maintain a crossing or sidewalk in such condition as to endanger persons passing over it." We will assume, therefore, that it was proper in the case at bar to have admitted the evidence offered in behalf of the plaintiff, and pass to the consideration of the question. whether or not it was error for the court, under the particular circumstances of this case, to refuse to admit it. It is urged with much plausibility on the part of the defendant that the evidence of the plaintiff established the fact of a dangerous obstruction; that if the stump was actually in the highway, standing six to eight inches above the surface of the street, and such obstruction remained there a sufficient length of time to give constructive notice of the fact, a condition was established "from which the jury must infer that a person stumbling against it in the dark could fall and injure himself. So far as the dangerous condition was concerned, it could not make a particle of difference to the jury whether some one else had fallen over it or not, for it is patent on the face of it that a stump standing up from the sidewalk from six to eight inches is a dangerous obstruction, upon which anybody is liable to stumble at night." This contention would have greater weight if it appeared at any time in the trial that the defendant was willing to concede what it now asserts as a self-evident proposition. The burden of proving all of the material allegations was upon the plaintiff. It was necessary for him to establish affirmatively that the place where the accident occurred was dangerous, and that it had remained in that condition long enough for the defendant to have constructive notice of the fact, and to this end he was clearly entitled to show, by the experience and the observations of others, that this stump had not only been there, but that it had been the cause of other people stumbling. The fact that the jury might assume or infer that such accidents might occur from a given state of facts is no evidence that they would, in the absence of testimony, arrive at such a conclusion. Had the court, in its charge to the jury, instructed them that the question of notice was not in the case, or that the character of the obstruction was not in. issue, it might be that this court would be justified in saying that the finding of the jury would not have been modified or changed by the refusal of the court to admit the evidence offered; but this is not the case. The court, after refusing this evidence, charged the jury that:

"If you find that this stump that was in the street was of that character that you say that, in the exercise of ordinary prudence and attention, the officials of the city would not have presumed that it was likely to produce any such result as this, then you can convict the city of no neglect of duty in leaving it there. If, on the other hand, considering its height from the ground and its size, you are able to say that it was an obstruction in the street which, in the exercise of ordinary care, the city, under its duty to remove obstructions, should have removed, why then you are able to say that the city was guilty of a neglect of the duty cast upon it by law in respect to this plaintiff and all the rest of us. If you are able to say that, in the exercise of ordinary prudence, the officials of the city having the streets in charge should have said that this was an obstruction over which people were likely to trip and stumble, and hurt

themselves, why then you are able to say that the city did not use care in keeping the street reasonably safe for those who had a right to be there."

### Again the court says:

"I can only say to you that there are many ways for people to hurt themselves in the streets and elsewhere for which nobody would be liable. I can only say to you it is not for every little defect in the sidewalk, or for every little obstruction, that the city would be liable, because, as you look around in the streets of cities and in highways, you observe that such things do exist. Therefore the question with the jury, calling upon their best judgment and experience in life, is to say whether the particular thing brought into court was something which was likely to produce the injury which is complained of here. Unless you are able to say that, the city is exonerated."

### In the very opening sentence the court says:

"The gravamen or gist of this action, gentlemen, is an allegation by the plaintiff that he was injured through the neglect solely of the city, and he must make that out in order to recover. It is not enough that he stumbled in the street or stumbled over something in the street to enable him to recover in this action. He may not recover unless what happened to him was caused by the neglect of the city in some particular as to which the law imposed a duty upon it."

### In still another paragraph the court charges:

"But, gentlemen, where a thing exists for a time so long that a jury is able to say that, in the exercise of due care and attention and inspection of the streets, the city should have known of it, you may proceed just as though it did in fact know of it. If it had existed there such a length of time that you are able to say that the city, through the eyes of its employés and officers, should, in the exercise of ordinary care and attention, have known that it did exist, then I say to you again that you may then proceed just as though somebody had gone and notified them that it was there."

In view of this charge, emphasizing to the jury the necessity of the plaintiff's establishing constructive notice, together with the character of the obstruction, it was clearly error for the court to deny the plaintiff the right to introduce evidence showing that other people had stumbled over the same obstruction. Evidence of this character was calculated to establish the length of time this obstruction had remained, and of the opportunity which had been afforded the city of knowing of its existence. It was equally important in establishing the character of the obstruction, and the probabilities of its operating to produce the result which is alleged to have been produced in the case at bar, and it is no answer to this proposition that the jury might have inferred this from the evidence already before them.

The court charged that the plaintiff must establish that the injury resulted from the negligence of the defendant, and an obstruction which was so located that the chances of stumbling over it would be very remote would not show the same degree of negligence, or the same want of care, that would be manifest in a case where the obstruction was such that it was causing frequent accidents. For instance, had this stump been located very near to a standing tree, when the person approaching it would have notice of the greater obstruction, it might remain for a generation without constituting that degree of neglect which would entitle the plaintiff to recover, and yet he might have suffered the same accident through inexcusable carelessness on his own part. It would have been competent for the defense to have shown such a condition of facts, had they existed, and it was equally competent for the plaintiff to show that the stump

was so located that it was a constant menace to the safety of pedestrians, and to this end it was proper to show that others had stumbled over this stump while in substantially the same condition as that which existed at the time of the accident.    The order appealed from is reversed, and a new trial granted, costs to abide the event.    All concur.