(54 App. Div. 592.)

### MORROW v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department.  November 23, 1900.)

STREET RAILROADS—TRACKS—DEFECTS—EVIDENCE.

Where there was no evidence that a street-car track was not constructed in the usual manner at the point where the accident occurred for which suit is brought, and that the same conditions existed, the exclusion of evidence of previous accidents at the same place was proper

Hirschberg, J., dissenting.

Appeal from trial term, Westchester county.

Action by Hilda Morrow against the Westchester Electric Railway Company. From a judgment for defendant, and from an order denying a motion for a new trial (63 N. Y. Supp. 16), plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

J. Addison Young, for appellant.

Eugene Treadwell (Henry L. Scheuerman, on the brief), for respondent.

WOODWARD, J.  The plaintiff seeks to recover damages for injuries sustained while a passenger in one of the cars of the defendant; the complaint alleging that, "without any previous warning, and by reason of the carelessness and negligence of the defendant, the said car was thrown from the track upon which it was running with great speed, causing the occupants of the car to be thrown from their seats," causing the injury of which plaintiff complains. The action appears to have been tried and submitted to the jury upon the theory that the carelessness and negligence complained of were due to the manner in which the car was operated, and there is no exception to the charge of the court to the jury, in which this view of the case is taken.  Upon the trial, however, plaintiff's counsel offered to prove that other accidents of a like nature had happened in the locality, and the exceptions taken to the exclusion of evidence present the only questions upon this appeal.  Assuming that the exceptions raise the question, we are of opinion that reversible error is not shown, under the circumstances of this case. The theory upon which evidence of previous accidents is admitted is to show that a condition of facts present at the time of the accident was in fact dangerous, and that notice of the danger had been brought, actually or constructively, to the attention of the party who owed the duty of maintaining the particular place in a condition of safety.  Proceeding upon the theory that the accident was due to the defendant operating its car with great speed and in a careless and negligent manner, the plaintiff asked the witness William Salzer, who had testified as to the general location and the condition of the surroundings of the track:  "You say, before the accident you frequently were on the cars of this company by this spot,—this gate?  A. Yes, sir.  Q. Were you ever upon a car of this company prior to this accident, a month or two prior to Decem-

ber, when the car ran off the track at that point?" This was objected to as "incompetent, immaterial, and irrelevant, and nothing to do with this issue." The court suggested that "there ought to be some defect proved in the track, first," whereupon the witness was withdrawn, and Michael J. Mack, a civil engineer, was called, who testified generally as to the condition of the track in the vicinity of the accident, but with no special reference to the exact point at which the car left the track; and, so far as his testimony goes, there is nothing to indicate that the track was not constructed in the usual manner. Mr. Salzer was recalled, and questioned as follows: "Now, I ask you the question that I asked you before: Do you remember being on a car of this company at this point in question previous to the accident when the car went off the track?" This was objected to as "immaterial, irrelevant, and incompetent; proof of another accident having nothing to do with this cause of action, and not pleaded. It is not shown that the facts or circumstances were the same." The court asked the witness: "Did you look at the tracks? A. No, sir; but what I can state, why I rode on them." Defendant's counsel interposed an objection, and the court excluded the answer, to which plaintiff excepted. There was no evidence to show that the facts and circumstances were the same at the time mentioned in the question. The exact point at which the car left the track was not shown. To have allowed the witness to tell of previous accidents in the same general locality, without establishing the fact that the conditions were the same, would have been to introduce mere speculation into the case, and to permit the jury to consider facts in no way related to the present cause of action. If it had been shown that there was some peculiarity in the construction of the track at a given point, and that the car on which the plaintiff was riding left the track at that point, it would have been proper to introduce evidence tending to show that other cars had left the track at the same point under similar conditions, as this would have a tendency to show that there was a defect in the track, and that the defendant had had notice of this defect by reason of the fact that other accidents had happened there, and a failure to remedy the defect would constitute negligence, or at least the jury would be justified in finding that the defendant had failed in the discharge of its duty to the plaintiff; but beyond this it is doubtful if the authorities in this state sanction the introduction of evidence of independent accidents. This is clearly the doctrine of this court in Lundbeck v. City of Brooklyn, 26 App. Div. 595, 50 N. Y. Supp. 421, where we held that it was competent for the plaintiff to show that a stump in one of the streets of Brooklyn "was so located that it was a constant menace to the safety of pedestrians, and to this end it was proper to show that others had stumbled over this stump while in substantially the same condition as that which existed at the time of the accident." It was there said that "evidence of this character was calculated to establish the length of time this obstruction had remained, and of the opportunity which had been afforded the city of knowing of its existence. It was equally important in establishing the character of the obstruction, and the probabilities

of its operating to produce the result which is alleged to have been produced in the case at bar." So, in the case of Wooley v. Railroad Co., 83 N. Y. 121, 130, it was held that "it was not error to receive testimony of the fact that there had been other accidents at the same switch"; but the evidence related to accidents at a given place, and at the place where the plaintiff received the injury for which he sought to recover, and involved the same principle as in the case of Lundbeck v. City of Brooklyn, supra. The location of the switch, the manner of its construction, and the fact that it stood above the level of the street, were all in evidence. It was also in evidence that the plaintiff's mishap occurred at this particular switch, and evidence of the previous accidents was admissible to show that the defendant must have had notice of the dangers which its continued use in the then condition entailed. There were no such facts before the jury in the case at bar, and the exclusion of the evidence was proper.

The judgment and order appealed from should be affirmed, with costs. All concur, except HIRSCHBERG, J., who dissents.