Esther Perras, as Administratrix, etc., of Isaac Perras, Deceased, Respondent, v. United Traction Company, Appellant.

*Collision between a street car and a wagon — proof of similar accidents, when admissible — charge as to the care required of the street car company in the exercise of its right of way.*

In an action to recover damages resulting from the death of the plaintiff's intestate, which occurred from a collision between a wagon in which the deceased was riding and one of the defendant's street cars, the defendant's theory was that the horse attached to the wagon suddenly swerved or was driven upon the track in front of the car, while the plaintiff's theory was that, by reason of the excessive speed and mismanagement of the car and the unevenness of the defendant's track, the car became derailed and struck the wagon which was some distance from the track.

Upon the trial the defendant called a motorman in its employ for the purpose of showing that the track at the point in question was not uneven and that the quick stopping of the car had no tendency to derail it.

*Held*, that it was error to permit this witness, on cross-examination, to be asked a series of questions as to how many times, at other places on the defendant's road and under circumstances not shown to be similar to those existing at the time and place of the accident, his car had been derailed;

That evidence of such character is only permissible where similar accidents have happened in the same locality and under the same conditions;

That it was error for the court to charge, "The defendant * * * has the right of way over this railroad, but not the exclusive right of way, and it was their duty at all times to so run their cars, notwithstanding their paramount right of way, that the safety of other travelers upon the common highway shall be protected," as the defendant was only bound to exercise reasonable care in the use of its superior right of way over its tracks.

APPEAL by the defendant, the United Traction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 7th day of March, 1903, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 7th day of March, 1903, denying the defendant's motion for a new trial made upon the minutes.

*Patrick C. Dugan,* for the appellant.

*Edgar B. Nichols* and *Mark Cohn,* for the respondent.

HOUGHTON, J.:

The action is for damages for the negligent killing of plaintiff's intestate, Isaac Perras. The complaint alleges that while the deceased was riding in a wagon, driven by another, a car operated by defendant, going in the same direction, collided with and overturned the wagon, causing the injury from which he died.

The negligence alleged in the complaint was excessive speed, lack of warning, and improper management of the car; and the theory upon which the case was presented to the jury and upon which the judgment is sought to be sustained, is that the car, by reason of such excessive speed and mismanagement, owing to uneven rails, jumped from the track and struck the wagon in which the deceased was riding, while it was being properly driven some four or five feet distant from the nearer rail.

The defendant sought to maintain that the horse suddenly swerved, or was pulled in upon the track, immediately in front of the car while it was going at proper speed and properly managed.

It is unnecessary to review the evidence for the purpose of determining, as we are requested by the defendant to do, whether there is such a preponderance of evidence in its favor that the verdict ought not to be allowed to stand, for we have concluded that such error was committed on the trial in the admission of evidence and instruction to the jury that a new trial must be granted on those grounds.

The witness Blaney, a motorman, employed for some years by the defendant, was produced by it for the purpose of showing that the track at the point in question was not uneven, and that quick stop-

ping of a car had no tendency to derail it. On cross-examination, against the defendant's objection and exception, by a series of questions, he was allowed to state how many times, at other places on the defendant's road, and under circumstances not shown to be similar to those existing at the place and time of the accident, his car had been derailed.

The issue of the trial, as it narrowed down, was whether the car jumped the track and struck the wagon. The defendant's contention was that the car was derailed because the wagon was on the track when they collided. It is manifest that the plaintiff could not recover upon the ground that it was the custom of the defendant's cars to jump the track at other places on the road. This evidence may have very greatly prejudiced the jury and influenced it in coming to the conclusion that the plaintiff's contention that the car left the rails before the collision was right, and that the defendant's position was untrue. Evidence of this character is only permissible where previous similar accidents have happened in the same locality under the same conditions. (*Morrow* v. *Westchester Electric R. Co.*, 54 App. Div. 592.)

The defendant's track ran along the side of the highway. The court had instructed the jury that if the accident happened, while the horse was being properly driven, by the car leaving the rails because of a depression in the track, coupled with a high rate of speed and a sudden applying of the brakes and reversal of the power, they might find a verdict for the plaintiff. He then instructed the jury as follows: "The defendant * * * has the right of way over this railroad, but not the exclusive right of way, and it was their duty at all times to so run their cars, notwithstanding their paramount right of way, that the safety of other travelers upon the common highway shall be protected," to which the defendant excepted. This was not a correct statement of the law of the road, and may well have given the jury a wrong impression of the defendant's duty to fellow-travelers. It is only reasonable care that a street railroad company is bound to exercise in the use of its superior right of way over its tracks. (*Fishbach* v. *Steinway R. Co.*, 11 App. Div. 152 ; *Lawson* v. *Metropolitan Street R. Co.*, 40 id. 307, 311 ; *Kennedy* v. *Third Ave. R. R. Co.*, 31 id. 30.)

It cannot be said that this instruction was harmless, for nowhere

in the charge did the court instruct the jury that the defendant was required to use only reasonable care in the management of its car or in its passage along the highway.

As these conclusions lead us to a reversal of the judgment it is unnecessary to examine the other questions raised by appellant.

The judgment and order should be reversed, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.