### PERRAS v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. STREET RAILWAYS—NEGLIGENCE—CAR LEAVING TRACK—EVIDENCE.·
   In an action against a street railway company for injuries, in which plaintiff claimed that defendant's car, by reason of excessive speed and mismanagement, and owing to uneven rails, jumped the track at the point of the accident, and ran into the wagon on which deceased was riding while the same was a safe distance from the track, evidence that cars had been derailed at other times and places on defendant's road, and under circumstances not shown to be similar to those existing at the time of the accident, was inadmissible.

2. SAME—OPERATION OF CAR—MEASURE OF CARE.
   In an action against a street railway company for death alleged to have been caused by defendant's negligence in the operation of its car on a track along the side of a highway, an instruction that, though the defendant had the right of way, it was not exclusive, and it was its duty to run its cars so that the safety of other travelers should be protected, was erroneous, the railway company being bound to exercise only reasonable care.

Appeal from Trial Term, Albany County.

Action by Esther Perras, as administratrix of Isaac Perras, deceased, against the United Traction Company. Judgment for plaintiff, and from an order denying a motion for a new trial defendant appeals. Reversed.

Argued before PARKER, C. J., and SMITH, CHASE, CHESTER and HOUGHTON, JJ.

Patrick C. Dugan, for appellant.

Edgar B. Nichols (Mark Cohn, of counsel), for respondent.

HOUGHTON, J. The action is for damages for the negligent killing of plaintiff's intestate, Isaac Perras. The complaint alleges that while the deceased was riding in a wagon driven by another, a car operated by defendant, going in the same direction, collided with and overturned the wagon, causing the injury from which he died. The negligence alleged in the complaint was excessive speed, lack of warning, and improper management of the car; and the theory upon which the case was presented to the jury and upon which the judgment is sought to be sustained is that the car, by reason of such

excessive speed and mismanagement, owing to uneven rails, jumped from the track, and struck the wagon in which the deceased was riding, while it was being properly driven some four or five feet distant from the nearer rail. The defendant sought to maintain that the horse suddenly swerved or was pulled in upon the track immediately in front of the car while it was going at proper speed and properly managed. It is unnecessary to review the evidence for the purpose of determining, as we are requested by the defendant to do, whether there is such a preponderance of evidence in its favor that the verdict ought not to be allowed to stand, for we have concluded that such error was committed on the trial in the admission of evidence and instruction to the jury that a new trial must be granted on those grounds. The witness Blaney, a motorman employed for some years by the defendant, was produced by it for the purpose of showing that the track at the point in question was not uneven, and that quick stopping of a car had no tendency to derail it. On cross-examination, against the defendant's objection and exception, by a series of questions he was allowed to state how many times at other places on the defendant's road, and under circumstances not shown to be similar to those existing at the place and time of the accident, his car had been derailed. The issue of the trial, as it narrowed down, was whether the car jumped the track and struck the wagon. The defendant's contention was that the car was derailed because the wagon was on the track when they collided. It is manifest that the plaintiff could not recover upon the ground that it was the custom of the defendant's cars to jump the track at other places on the road. This evidence may have very greatly prejudiced the jury, and influenced it in coming to the conclusion that the plaintiff's contention that the car left the rails before the collision was right, and that the defendant's position was untrue. Evidence of this character is only permissible where previous, similar accidents have happened in the same locality under the same conditions. Morrow v. Westchester Electric R. Co., 54 App. Div. 592, 67 N. Y. Supp. 21. The defendant's track ran along the side of the highway. The court had instructed the jury that if the accident happened while the horse was being properly driven, by the car leaving the rails because of a depression in the track, coupled with a high rate of speed and a sudden applying of the brakes and reversal of the power, they might find a verdict for the plaintiff. He then instructed the jury as follows: "The defendant has the right of way over this railroad, but not the exclusive right of way; and it was its duty at all times to so run its cars, notwithstanding this paramount right of way, that the safety of other travelers upon the common highway shall be protected"— to which the defendant excepted. This was not a correct statement of the law of the road, and may well have given the jury a wrong impression of the defendant's duty to fellow travelers. It is only reasonable care that a street railroad company is bound to exercise in the use of its superior right of way over its tracks. Fishback v. Steinway R. Co., 11 App. Div. 152, 42 N. Y. Supp. 883; Lawson v. Metropolitan Street R. Co., 40 App. Div. 307, 311, 57 N. Y. Supp. 997; Kennedy v. Third Ave. R. R. Co., 31 App. Div. 30, 52 N. Y.

84 N.Y.S.—63

Supp. 551. It cannot be said that this instruction was harmless, for nowhere in the charge did the court instruct the jury that the defendant was required to use only reasonable care in the management of its car or in its passage along the highway. As these conclusions lead us to a reversal of the judgment, it is unnecessary to examine the other questions raised by appellant.

The judgment and order should be reversed, with costs to the appellant to abide the event. All concur.