(43 Misc. Rep. 145.)

### HOLZHAUSER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Trial Term, Kings County. March, 1904.)

1. CARRIERS — STREET RAILROADS — SETTING DOWN PASSENGERS — DEFECT IN STREET—EVIDENCE—SIMILAR OCCURRENCES.

In an action against a street railroad company to recover for its negligence in stopping the car at night where there was a deep hole in the street into which a passenger fell when alighting from the car, evidence that another person had previously fallen into the same hole in the same way when alighting was admissible, not to show that the place was in a dangerous condition, but that defendant had notice of its condition.

Action by Gertrude Holzhauser against the Brooklyn Heights Railroad Company. Motion on the minutes to set aside a verdict for plaintiff. Motion denied.

August P. Wagener, for plaintiff.
I. R. Oeland, for defendant.

GAYNOR, J. At the place where the car stopped to let the plaintiff off there was (as the jury must have found) a deep depression or hole in the street running along the side of the car about eight feet, and into which the plaintiff fell as she was getting down from the running board; and that the hole was so obviously deep and dangerous that it was negligence to stop along side of it and let passengers get out into it without warning after dark. Evidence that another person at a previous time had fallen into the same hole in the same way in getting off one of defendant's cars was received under exception.

I do not deem the exception good. The evidence of the previous similar accident was competent to prove notice to the defendant that the hole was there, and that a passenger fell into it in getting off; from which it might follow that if cars stopped by it at all passengers getting off should, in the opinion of a jury, be warned of it. It was received as evidence of such notice only, which I stated at the time.

It seems to me that such evidence is competent only on the head of notice in any case. Evidence of previous falls at a spot is certainly

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1302½.

not competent to prove the place was in a dangerous condition. A condition is not dangerous in law unless it appear to be such to persons of ordinary prudence, observation and foresight. Persons fall at places which are not dangerous within the legal definition, and evidence thereof is not evidence of a dangerous condition, i. e., of an obviously dangerous condition before the accident. But such evidence is always competent to prove that the defendant had notice of the condition, and if on the trial it appears or is proved to be dangerous by competent evidence, such notice goes to charge the defendant with negligence in not remedying the dangerous condition, or in not guarding or taking precaution against it. Morrow v. Westchester Electric R. Co., 30 Misc. Rep. 694, 63 N. Y. Supp. 16.

The case of Dougan v. Champlain Trans. Co., 56 N. Y. 7, is the pioneer case in this state, and fully illustrative. The defendant was there held not liable for the accident, because the defect which caused it could not have been observed to be dangerous by persons of ordinary prudence, observation and foresight; but if another accident like it had afterwards happened, the defendant would have been held liable, because the first accident was notice of the dangerous defect. The case of Quinlan v. City of Utica, 11 Hun, 217, and Id., 74 N. Y. 603, is also illustrative if the facts of that case be considered, although the opinion is obviously too broad if not loose. That opinion has sometimes been accepted for altogether too much, although the Court of Appeals was careful not to adopt it in affirming the judgment. There the trial judge (as the trial record shows) allowed evidence of numerous previous falls from time to time in the same place in the street as that at which the plaintiff fell; and the evidence was deemed competent to show that the place was so notoriously dangerous that the defendant might be presumed to know of it like everybody else in the locality. In the case of District of Columbia v. Armes, 107 U. S. 519, 2 Sup. Ct. 840, 27 L. Ed. 618, you learn from the opinion itself that the previous falls of other persons were proved by a municipal policeman who saw them; notice being thus brought home to the municipality through the policeman. The opinion in the Armes Case cites other cases to the same effect, i. e., that such evidence is received only on the head of notice to the defendant. It does not seem to me that the court could have intended to hold more than this in the case of Lundbeck v. City of Brooklyn, 26 App. Div. 595, 50 N. Y. Supp. 421, though it must be owned that the defect there was an obscure one, and there was evidence of only one other person having fallen because of it, and he was not hurt, and there was no evidence that the city had notice of the accident. No notoriety could be predicated upon such a single accident. It seems to me, however, that the opinion there must be construed as holding the evidence competent only on the head of notice, although that may not be altogether clear. It is not to be considered, without being unmistakably of that tenor, as holding that such evidence is competent on the question whether the place be dangerous in law and fact.

The motion is denied.