WALKER v. NEWTON FALLS PAPER CO.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. MASTER AND SERVANT—PERSONAL INJURY—SAFE PLACE TO WORK—EVIDENCE.

An employé was injured by being caught by an unguarded set screw in a revolving shaft, over which it was necessary for him to step to get at some elevator machinery for the purpose of repairing it; the same being in a dark, unlighted place, where it was frequently necessary for employés to go to oil and repair machinery, and on which screw, to the knowledge of the master's bosses, another employé had been caught. *Held*, that whether by reason of the unguarded set screw the master had failed to furnish a safe place to work was a question for the jury.

2. SAME.

In an action for injury to an employé, based on the claim that by reason of the unguarded set screw causing the accident the master had failed to furnish a safe place to work, it may be shown that a few months before another employé had been caught on the same set screw.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 919.]

3. SAME—ASSUMPTION OF RISK.

An employé does not assume the risk of an unsafe place to work because of an unguarded set screw in a revolving shaft, of which he did not know, and which risk was not obvious, as the revolving screw was in a dark place, lighted only by a hand lantern.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 574–600, 610–624.]

4. COSTS—EXTRA ALLOWANCE.

An extra allowance of costs should not be made in an ordinary action of negligence, which is not a difficult one, though presenting close questions for determination.

Appeal from Trial Term, St. Lawrence County.

Action by Isaiah Walker against the Newton Falls Paper Company. From a judgment on a verdict for plaintiff, and from an order denying a motion on the minutes to set aside the verdict and for a new trial, defendant appeals; it also taking a separate appeal from an order granting plaintiff an extra allowance of costs. Modified.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Thomas Burns, for appellant.
Thomas Spratt, for respondent.

CHESTER, J.   This case was here on a former appeal, and as the facts are quite fully stated in the report of our decision on that appeal (99 App. Div. 47, 90 N. Y. Supp. 530), substantially all of which are again proven in this record, it is unnecessary here to restate the facts. in detail.  The only fact of any importance there stated which was not proven on the trial now to be reviewed was that the set screw which caused the plaintiff's injuries had been uncovered by the defendant before the accident and the covering had not been replaced; but then, as now, the proof was that it was uncovered at the time of the accident. On the former appeal, while we held that the case presented questions of fact for the determination of a jury in the first instance, we affirmed the order of the trial justice in setting aside the verdict and granting a new trial as a matter largely resting in his discretion, although it appeared to us a serious question whether the evidence given was not sufficient to sustain the verdict.  On this trial the plaintiff has. again had a verdict, and the defendant appeals.

The charge of negligence is that the plaintiff was not furnished a safe place to work because the set screw was not properly guarded.  The plaintiff's counsel does not contend that the failure to guard the screw as required by the provisions of section 81 of the labor law (chapter 415, p. 481, Laws 1897, as amended by chapter 192, p. 350, Laws 1899) alone renders the defendant liable, but insists that, this screw having been left unguarded in the place where it was and so near the place where the plaintiff was required to work, a question of fact was presented for the determination of the jury as to whether the defendant had provided him a safe place to work.  The place was at the top of a stuff chest 12 feet above the floor, where the plaintiff was required by the defendant's superintendent to go to repair a freight elevator.  The place was dark and unlighted, except by the lantern which plaintiff carried.  There were numerous pipes, shafts, belts, and pulleys, and much gearing over the stuff chest that interfered with plaintiff's free access to the gearing that moved the elevator.  In experimenting with the elevator the plaintiff concluded the trouble with it was in the cogwheel on the gearing.  In order to get where he could see that, he had to step over the shaft on which the set screw, which was about 1¼ inches long, was revolving, and as he did so he was caught by his trousers leg, and his right leg injured so it had to be amputated.  He testified that there was no way he could get to where he believed the difficulty was except the way he went.  McDonald, who was working with him, also testified that there was no other way for the plaintiff to get where he could examine this gearing, except the way he was going.  The proof shows that in the operation of the mill the employés of the defendant were daily required to go upon the top of this stuff chest to oil the machinery and to perform other duties, and were frequently required to go there to make repairs.  It was also shown that in May preceding the accident another employé had been caught on the bottom of the leg of his overalls by the same set screw, and that one of defendant's bosses had been informed of this.  It was a question for the jury, under all these circumstances, to determine whether the defendant had provided the plaintiff with a safe place to work.

Glens Falls Portland Cement Co. v. Travelers' Insurance Co., 162 N. Y. 403, 56 N. E. 897; Eastland v. Clark, 165 N. Y. 420, 59 N. E. 202.

There is no question as to the assumption of the risk by the plaintiff, for he had no knowledge of the existence of the set screw, and it cannot be said that the risk was an obvious one.. He testified that before he put his right foot over the shaft he lowered his lantern and looked at the shaft as it was revolving, but did not see the set screw. Manifestly it would be difficult, if not impossible, to see a revolving set screw of the size of this one in daylight; but in a dark place, with the aid of a hand lantern only, it is evident that the revolving screw could not be seen.

The questions as to whether the defendant was negligent and the plaintiff free from contributory negligence were submitted to the jury in a fair charge, and, while the questions were close ones, we think there was sufficient evidence to sustain the verdict and that we ought not to disturb it.

The appellant complains that the court improperly allowed the plaintiff to show that a prior accident had been caused by this same set screw, but it appeared that it happened under substantially the same circumstances as those existing at the time plaintiff was injured and in a similar manner. It was not error, therefore, to receive the evidence. Lundbeck v. City of Brooklyn, 26 App. Div. 595, 50 N. Y. Supp. 421; Wooley v. Grand St. & Newton R. R. Co., 83 N. Y. 121.

This is an ordinary action of negligence, and is perhaps the most frequent or common kind of action with which the courts have to deal. While the case presented close questions for determination, it cannot fairly be regarded as a difficult one. The case being neither difficult nor extraordinary, we think the extra allowance of costs was inadvertently granted. Standard Trust Co. v. N. Y. C. & H. R. R. Co., 178 N. Y. 407, 70 N. E. 925.

The order granting the extra allowance should be reversed, with $10 costs and disbursements, and the judgment and order denying a new trial should be modified, by striking from the judgment the amount of the extra allowance, and, as so modified, should be affirmed, with costs. All concur.