CEFOLA v. SIEGEL–COOPER CO. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) Appeal from Trial Term, Queens County. Action by Donat Cefola against the Siegel–Cooper Company for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed. See 119 App. Div. 896, 104 N. Y. Supp. 1123. Frederick E. Fishel for appellant. John B. Stanchfield for respondent. PER CURIAM. Judgment affirmed, with costs.

GAYNOR, J. (dissenting). There being no appeal from the order denying the motion for a new trial on the minutes, but only from the judgment, we may review the exceptions only. The only exceptions presented to us as erroneous by the learned counsel for the appellant in his brief and orally are the exception to the denial of the motion to dismiss at the close of the plaintiff's case, and another to the admission of evidence. Although in the making up of the case and exceptions the former was inserted it cannot be considered, the defendant having thereafter put in evidence. It is a vain thing for counsel for the defendant to take an exception to the denial of a motion to dismiss at the close of the plaintiff's case unless it is his intention not to put in any evidence. Indeed, the taking of such an exception should mean to the trial judge that the defendant rests upon the evidence for the plaintiff. To take it, and then proceed to put in evidence for the defendant, are inconsistent things, as the putting in of such evidence is a waiver of the exception.

The exception to the admission of evidence of a previous accident or injury to another person was good. The growing notion that evidence of a previous accident at the same place may be given on general principles to show liability is erroneous. The use made of such evidence by counsel for the plaintiff is disastrous to the defendant, even though it proves no dereliction of the defendant. It is not enough that a thing is dangerous; it has to be obviously dangerous, or else dangerous to the knowledge of the defendant, to create liability. Evidence of such previous accidents is only permissible to prove notice to the defendant that the place is dangerous, as shown by the event, so as to predicate negligence on his failure to remove the

danger after such notice, whereas without it the danger, although existing or lurking in fact, might not be obvious, i. e., to a person of ordinary prudence, which is the test. That a thing is dangerous in fact is not the test of liability, but that it is obviously dangerous, or that the defendant had knowledge or notice that it was dangerous. Here there was no evidence that the defendant had notice of the previous isolated accident which was proved. Sometimes the previous accidents are so many and so notorious that the jury may be permitted to find that the defendant knew of them, on the principle that he must have known things so notorious that everybody in the neighborhood knew them. But there is no such case here. The isolated accident proved would not enable constructive notice to be found. But no such thing is claimed. No idea of proving notice to the defendant of the danger of the place entered into the admission of the evidence. It was offered and received under some vague notion, now grown quite general, that such evidence is competent on general principles which no one has so far thought to attempt to define. But that cannot be so. It must be competent on some specific ground, or under some rule of evidence, or not at all. An obscure defect in a street may cause an injury, for instance, but the city is not liable for it for the reason that it was not obvious to persons of ordinary prudence, i. e., such persons would not have noticed it, or anticipated an accident or injury from it; but if such an injury does occur, and the city gets notice or knowledge of it, and fails to remove the danger, that may all be proved in the case of the next injury as evidence of neglect by the city. But evidence merely of a previous isolated accident there, without evidence of knowledge thereof in the city, by notice or otherwise, would be incompetent. Morrow v. Westchester Electric R. Co., 30 Misc. Rep. 694, 63 N. Y. Supp. 16; Holzhauser v. Brooklyn Heights R. Co., 43 Misc. Rep. 145, 88 N. Y. Supp. 269.

The case of Dougan v. Champlain Trans. Co., 56 N. Y. 1, is the pioneer case in this state on the subject, and so fully illustrative that if its guidance be followed the true principle cannot be mistaken. The defendant was there held not liable for the accident on the deck of its steamboat, because the defect which caused it was such that persons of ordinary prudence, observation and foresight would not observe that it was dangerous or foresee danger from it. But if another accident like it had happened afterwards the defendant could have been held liable for it because the first accident was notice to it that the defect was dangerous, and it should therefore have been remedied. The first accident proved the existence of a dangerous defect, it is true. But that is not the test; the law does not permit that hindsight be taken for foresight in such cases. The test is whether it was obviously dangerous, if the defendant did not have actual notice or knowledge that it was dangerous. The action was for damages for the death of one who slipped on the icy deck of the steamboat and slid under the guardrailing and overboard. That there was so wide a space between such railing and the deck was

the negligence alleged. In reversing the judgment for the plaintiff the Court of Appeals said: "There was no proof tending to show that any one had ever before fallen and gone overboard under the railing, or that any such danger had been apprehended by any one." The next case is that of Quinlan v. City of Utica, 11 Hun, 217, on appeal 74 N. Y. 603. The language of the opinion there is quite large, and has sometimes been accepted for too much—for more than was up for decision in that case—although the Court of Appeals in affirming the judgment without opinion was careful not to adopt the opinion below. There the trial judge (as an examination of the record shows) allowed evidence of numerous previous falls from time to time in the same place in the sidewalk as that where the plaintiff fell from a defect; and the evidence was deemed competent as showing that the place was so notoriously dangerous that the defendant (the city) might be deemed to know of it like everybody else in the locality. But the learned judge who wrote on appeal, after quoting the sentence quoted above from the opinion of the Court of Appeals in the Dougan Case, says: "This plainly implies that proof of a similar prior accident at that place would have been competent, as tending to show that the space" (between the railing and the deck) "was dangerous, and consequently that the defendant was negligent in allowing it to remain open and exposed." On the contrary, it "plainly implies" no such thing, but implies, indeed, says, that if such an accident had happened before on the deck of the defendant's steamboat, that would have been notice to it of what it could not otherwise be deemed to have known, viz., that the space was dangerous, and that the neglect of the defendant to remedy the defect after such notice would have made the defendant liable. The accident in and of itself would have been a case of undoubted notice to the defendant, happening right under the eye of the commander or captain on the deck, which is not the case with every accident. In the case of District of Columbia v. Armes, 107 U. S. 519, 2 Sup. Ct. 840, 27 L. Ed. 618, the Quinlan Case is cited, but that does not mean that everything said in the opinion in the Quinlan Case is adopted or approved. Indeed, in the Armes Case you learn from the opinion itself that the previous falls of other persons in the street were proved by a municipal policeman who saw them; notice being thus brought home to the municipality through the policeman. The opinion in the Armes Case also cites other decisions which are to the same effect, i. e., that such evidence is competent and received only on the head of notice to the defendant. It does not discuss the point, for it was not in the case, the witness who testified to seeing the previous accidents being a policeman, as already stated. The case of Lundbeck v. City of Brooklyn, 26 App. Div. 595, 50 N. Y. Supp. 421, was not meant to be an authority to the contrary. The question was not presented or discussed there, but the learned judge who wrote classed such previous accidents, with true discrimination, as possible "constructive notice" to the city, showing that the principle

on which such evidence of previous accidents becomes competent, if at all, was in mind.

In the present case, the plaintiff had to go through a passageway daily in the basement of the defendant's business establishment where he worked in the engine room. Such passageway was through an elevator shaft, and under the elevator car while up, two opposite sides of the shaft being open for that purpose. The car seldom came down to the basement in a day, its principal use being at the floors above. It took up the ashes from the engine room. The plaintiff was hurt by the car striking him in its ordinary and gradual descent while he was going under it through the passageway. He claimed that he did not know it was an elevator shaft, and that although he had formerly run an elevator. The previous accident proved was not to a regular employé of the place, but to an outsider called in to do some repairs to the boiler. Not only was no notice or knowledge of it ever given to the defendant, but, as is seen, the conditions of it were not identical. Nor is there any evidence, even, of how it happened, or of what injury was suffered. It may have happened through the negligence of the person hurt, or in a way and from a cause and under conditions entirely different to those of the plaintiff's case, which alone would make evidence of it incompetent in any event.

Moreover, the time of the alleged accident was not shown; any time in five years, the witness apparently said; nor was it shown to be under like conditions. The judgment should be reversed.

JENKS, J., concurs.