MORGAN v. ONWARD CONST. CO.

(Supreme Court, Appellate Term.  April 8, 1909.)

TRIAL (§ 419*)—REFUSAL TO DISMISS—WAIVER.

    A defendant waives exceptions to a refusal to dismiss by introducing evidence.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Rollin L. Morgan, receiver of the Diamond Soda Water Manufacturing Company, against the Onward Construction Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Hastings & Gleason, for appellant.
Arthur L. Marvin, for respondent.

PER CURIAM. The plaintiff in this action entered into a written agreement for the delivery of a carbonating machine to the Ansonia Hotel. The contract was signed in the individual name of Louis A. Hostetter, who was the managing stewart at the Ansonia. After the execution of the contract the carbonating machine was delivered. It stayed there six months or more. Payment for the use of the machine was to be monthly, and all the monthly payments were made for the rental of the machine. One of the conditions of the contract was that syphons were to be delivered free, so that the water carbonated by the machine could be bottled on the premises, and used in the Ansonia Hotel. At the time the machine was delivered a number of syphons were delivered with it, and afterwards, from time to time, new syphons were left and the old ones returned. Some of these syphons were broken. The defendant claims that they were broken because of too much gas, while the plaintiff claims that they had been broken on purpose by some one wishing to steal the tops, or had been lost in the hotel. The plaintiff did not receive back all the syphons which he had delivered. The plaintiff claims that the syphons were worth 50 cents apiece, and he sued for the value of 138 syphons, which he claims had not been returned, and the jury gave him a verdict for $69. Defendant appeals.

At the end of plaintiff's case he had proved a prima facie cause of action for 64 syphons not returned, but had failed to sufficiently connect defendant with the transaction. The latter's counsel moved to dismiss, which motion was denied, and the defendant excepted. The defendant then proceeded to offer the testimony of its own witnesses, whose admissions fairly warranted the jury in finding for plaintiff against defendant in the sum of $32, but no competent evidence supports the judgment for $69. The refusal of the court to dismiss at the end of plaintiff's case is not fatal to the judgment, for it was held in Cefola v. Siegel-Cooper Co., 127 App. Div. 903, 111 N. Y. Supp. 1112, that:

"It is a vain thing for counsel for defendant to take an exception to the denial of a motion to dismiss at the close of the plaintiff's case, unless it is his intention not to put in any evidence. Indeed, the taking of such an exception should mean to the trial judge that the defendant rests upon the evidence for the plaintiff. To take it, and then proceed to put in evidence for the defendant, are inconsistent things, as the putting in of such evidence is a waiver of the exception."

There were errors committed on the trial, but they seem hardly so prejudicial as to call for a reversal.

Judgment modified, by reducing same to the sum of $32 and appropriate costs in the court below, and, as modified, affirmed, without costs of this appeal to either party.