## GUSTAFSON v. YOUNG.

(Supreme Court, Appellate Division, Second Department.  March 4, 1904.)

1. SERVANT'S INJURIES—ACTIONS—EVIDENCE—SIMILAR ACCIDENTS.

 In an action for the negligent death of a servant, who was employed in the destructive work preparatory to the reconstruction of a building, it was error to admit evidence as to a similar accident which occurred three or four weeks before the fatality, where there was no attending proof that the physical conditions were materially the same.

Appeal from Trial Term, Kings County.

Action by Louisa Gustafson, as administratrix, etc., against William Young, impleaded with others.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Edwin A. Jones (Harford T. Marshall, on the brief), for appellant.

Frank Harvey Field (J. Edward Swanstrom, and Conrad Saxe Keyes, on the brief), for respondent.

JENKS, J.  The defendant, a contractor, has been adjudged negligent in the reconstruction of a building.  The interior structure collapsed, and the plaintiff's intestate, a workman, fell to his death. Under objection and exception, the plaintiff's witness Nelson testified that three or four weeks before the fatality, when he was walking through the hall on a tile floor placed upon the first tier of beams, the floor and also one or two beams went down under him; that he examined the place, found certain conditions existing, and that he spoke of the matter to the foreman of the mason subcontractors.  At the close of his testimony, motion was made to strike out the evidence of this accident, on the ground that it appeared that the circumstances were not in any way similar to the accident complained of.  The motion was denied, under exception.

I think that the rulings upon this testimony require a reversal of the judgment.  Three or four weeks intervened the prior accident and the one in question.  During that period the work would naturally change the character of the structure, even from day to day. If it did not in this case, then it was the duty of the plaintiff to show that it did not.  The mere fact that the work was progressive does not warrant the conclusion that the structure at the end of four weeks was more dangerous, for the work was only destructive towards reconstruction.  The learned counsel for the appellant argues that evidence of similar accidents occurring upon the premises is proper for

the purpose of showing that the defendant had notice of the danger, citing Dougan v. Champlain Transportation, 56 N. Y. 1, Cleveland v. New Jersey Steamboat Co., 68 N. Y. 306, and McGovern v. Central Vermont Railroad, 123 N. Y. 280, 25 N. E. 373. And we are also cited to Bailey v. R., W. & O. R. R. Co., 139 N. Y. 302, 34 N. E. 918, where the court held that the plaintiff could prove that other brakes on the car were defective, as bearing on the question of inspection of the particular defective brake of which complaint was made. None of these decisions is in point upon the ruling under review. The vice in the ruling consists in admitting evidence of a prior accident, without attendant proof that physical conditions were materially the same. Dye v. D., L. & W. Railroad Company, 130 N. Y. 671, 29 N. E. 320; Brady v. M. R. Co., 127 N. Y. 46, 27 N. E. 368; Morrow v. Westchester Electric Railway Co., 54 App. Div. 592, 67 N. Y. Supp. 21, affirmed in 172 N. Y. 638, 65 N. E. 1119.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.