## PERRY v. VILLAGE OF POTSDAM.

(Supreme Court, Appellate Division, Third Department.    June 29, 1905.)

1. APPEAL—QUESTIONS PRESENTABLE.

On an appeal from a judgment, appellant can only complain of errors which are pointed out by objection and exception to the ruling made, and cannot, without having made a motion for directed verdict, claim that there was no evidence to submit to the jury.

2. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURIES—EVIDENCE.

In an action against a village for injuries caused by a defective sidewalk, the admission of testimony that witness, shortly before the accident, tripped and fell upon a loose plank in the walk in question, was not reversible error, where it was not entirely clear where plaintiff fell, and the place where witness fell was within a short distance of where plaintiff fell, and the court charged the jury to give no effect to the testimony unless they found that witness fell at the place where plaintiff fell.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1735.]

Appeal from Trial Term, St. Lawrence County.

Action by Gertrude S. Perry against the village of Potsdam. From a judgment for plaintiff, defendant appeals. Affirmed.

The action is brought to recover damages for an injury which the plaintiff sustained through a walk claimed to have been defective in the defendant's village. The defendant's trustees were claimed to have been negligent in allowing the walk to become out of repair. . No actual notice was shown of the condition of the walk prior to the accident, but the want of repair for a considerable time is shown to have existed. The plaintiff recovered a verdict of $700. A motion for a new trial was made pursuant to section 999 of the Code of Civil Procedure, and denied. No order was entered upon this denial of defendant's motion, and the appeal here is simply from the judgment.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

A. X. Parker, for appellant.

George A. Adams, for respondent.

SMITH, J. Upon an appeal from a judgment the appellant can only complain of errors which are pointed out by objection and exception to the ruling made. Ten Eyck v. Witbeck, 55 App. Div. 168, 66 N. Y. Supp. 921; Allen v. Corn Exchange Bank, 181 N. Y. 282, 73 N. E. 1026. In the case of McGrath v. Home Insurance Company, 88 App. Div. 153, 84 N. Y. Supp. 374, and also in the case of Shotwell v. Dixson, 163 N. Y. 43, 57 N. E. 178, the appeal to the Appellate Division was both from the judgment and from an order denying a motion for a new trial. In the McGrath Case the opinion, so far as it indicates that a review may be had of errors to

which exceptions were not taken upon an appeal from a judgment alone, is disapproved.

The defendant, having made no motion at the end of the case for a directed verdict, cannot be heard now, upon this appeal from the judgment, to claim that there was no evidence to submit to the jury. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27.

The appellant's sole reliance, then, for the reversal of this judgment, must be upon exceptions taken to the reception of evidence. Two or three of those exceptions defendant's counsel has called to our attention, to one of which we will refer. Evidence was offered by a witness, Willis, to the effect that she tripped and fell shortly before this accident upon a loose plank in this same walk near the northwest corner of the Besaw House. This evidence as to the witness Willis was objected to on the ground that it appeared to be at a different place from where the plaintiff fell. An examination of the evidence, however, discloses that it is not entirely clear where plaintiff fell. Where witness fell was within a very short distance from where the plaintiff fell, if not at the precise point, and the jury were instructed by the court to give no effect to the evidence unless they found that the witness fell at the place where the plaintiff was injured. This exception presents no error which calls for a reversal of this judgment. We have examined the other exceptions argued by appellant's counsel in his brief, and find no error which calls for a reversal of the conclusion reached at trial term.

The judgment should therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.