# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

January 16, 1920.

## THE PEOPLE v. NATHAN LUBIN.

(190 App. Div. 339.)

(1) GRAND LARCENY IN FIRST DEGREE AND CRIMINALLY RECEIVING STOLEN PROPERTY CHARGED AS SECOND OFFENSE—EVIDENCE SUSTAINING CONVICTION.

Upon the prosecution of a defendant indicted for the crime of grand larceny in the first degree, charged as a second offense, and also for the crime of criminally receiving stolen property, charged as a second offense, evidence *held* sufficient to sustain a conviction under the first count.

(2) SAME—EFFECT OF PUBLICATION OF NEWSPAPER ARTICLE INDICATING THAT DEFENDANT WAS HABITUAL CRIMINAL.

The mere possibility of harm coming to the defendant by reason of the publication during the trial of an article indicating that he was an habitual criminal is not sufficient to authorize the granting of a new trial, where the court did all in its power to minimize any possible mischief that might have been done by the jurors having read said article.

(3) SAME—DENIAL OF MOTION TO DISMISS COUNT OF INDICTMENT UPON GROUND THAT CRIMES CHARGED WERE INCONSISTENT.

The denial of motions by the defendant to dismiss first one and then the other count of the indictment upon the ground that the crimes charged were inconsistent did not constitute reversible error where the court submitted to the jury only the first crime charged.

APPEAL by the defendant, Nathan Lubin, from a judgment of the County Court of Bronx county, entered in the office of the clerk of the county of Bronx on or about the 11th day of April, 1919, convicting the defendant of the crime of grand larceny in the first degree, charged as a second offense, and of criminally receiving stolen property, charged as a second offense, and also from an order of said court denying defendant's motion for the withdrawal of a juror and for a mistrial.

*Clark L. Jordan,* for the appellant.

*Francis Martin,* of counsel (*Charles B. McLaughlin* and *Albert Cohn* with him on the brief), for the respondent.

SMITH, J.:

In affirming this judgment of conviction there are only two questions which seem to call for discussion. During the trial one of the newspapers in the Bronx, called the Bronx Home News, published an article which reflected upon the defendant, in the main, by indicating that he was an habitual criminal. This came to the attention of the counsel and was brought to the attention of the court during the trial. The court examined the jurors as to whether this article would have any effect upon their determination and cautioned them that they should in no way consider anything contained therein in determining the case. The court did all in its power to minimize any possible mischief that might have been done by their having read this newspaper article. If the article had been published before the court sat and those called as jurors had seen it, it clearly would not disqualify those parties, provided they could swear they could and would give an impartial verdict notwithstanding their having read the article. The attorney for the appellant here says that that exact question was not put to them, but if so, it was because the defendant's counsel did not ask to have it put to them, and we think that the mere possibility of harm coming to the defendant by reason of the publication of the article without fault on the part of the People, is not sufficient in this case to authorize the granting of a new trial.

Another point is strenuously urged, to wit, that the indictment contains two counts, one for grand larceny in the taking of the property from the complaining witness by force, and the other for receiving stolen goods, knowing them to have been stolen. The position of the appellant is that these crimes are inconsistent and that he moved to dismiss first one and then the other count, which motions were both denied by the trial

court. But while these motions were at one time denied by the trial court, the trial court did, in its charge, withdraw from the consideration of the jury any question upon the count for receiving stolen property, knowing it to have been stolen, and left to the jury the determination of the single crime alleged in the other count of the indictment, that of forcibly taking from the possession of the complaining witness the property which it was claimed had been taken. Notwithstanding the denial of the motions made on behalf of the defendant, therefore he received in the charge of the court the full advantage which he sought, and has no reason, therefore, to complain that the motions were formally denied during the progress of the trial.

We are of the opinion that the evidence was abundant to sustain the conviction and that the judgment should be affirmed.

CLARK, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concur.

Judgment affirmed.