JULIA SCHABEL, Appellant, *v.* ONSEYGA REALTY CO., INC., Respondent.

Fourth Department, June 30, 1931.

*Dodd, Lessen & Ginnelly* [*A. Lee Olmsted* of counsel], for the appellant.

*Wesley & Mancuso* [*Robert E. Dineen* of counsel], for the respondent.

EDGCOMB, J. On March 13, 1929, plaintiff fell down the cellar stairs in " The Hartson," an apartment house owned by the defendant, situated at the corner of Seymour and West Onondaga streets in the city of Syracuse, N. Y. She claims that the accident was occasioned by defendant's negligence, and asks compensation for her resulting injuries. The jury has declined to give her a verdict, and she appeals.

The building in question is five stories in height, and contains thirty-four apartments, and comes within the definition of a " tenement house," as defined by subdivision 1 of section 2 of the Tenement House Law (as amd. by Laws of 1912, chap. 13). It has a common entrance at the intersection of the two streets upon which it faces, and the halls and stairways are used in general by the various tenants and those having occasion to visit the property.

At the time of the accident plaintiff was on her way to keep an engagement which she had to dine with her friend, Miss Florence Harris, who lived in one of the apartments on the ground floor. Two doors in rather close proximity opened from this apartment into a public hall. Nearby was another door leading to the cellar. If we are to believe the plaintiff, there was no light burning in the hall, and it was " quite dark." Appellant had no difficulty, however, in seeing the doors when she reached them. She had been to this apartment but once before. She intended to enter her friend's rooms without knocking or ringing the bell. She says that she mistook the cellar door for the one leading into the apartment where she intended to go, and that as she opened the door the space in front of her was so dark that she was unable to see anything. She claims that she stood still, and that while she was feeling along

the wall for a switch to turn on a light, she lost her balance and fell the full length of the stairs.

Certain exceptions to the charge of the court and to the rejection of evidence offered by the plaintiff are urged as grounds for reversal.

Appellant had a legal right to use the entrance and hallways of this building on the night in question. She was not a trespasser; she was there for a proper purpose. The trial court so charged the jury. The degree of care which the owner of a building owes to a guest of one of his tenants is the same as, but not greater than, that which he owes his tenant. (*Loucks* v. *Dolan*, 211 N. Y. 237, 240; *Hilsenbeck* v. *Guhring*, 131 id. 674, 675.)

In her complaint plaintiff charges the defendant with negligence in failing to properly light the hallways of the building, and in neglecting to give her warning of the presence of the cellar door.

The only theory upon which the jury was permitted to find the defendant negligent was its failure to comply with what was termed its " common-law obligation " as to light and care of the hallways. That duty was defined by the trial court as the obligation to use reasonable care to keep the portion of the building under defendant's control in such a safe condition that those who were lawfully there should not be unnecessarily exposed to danger.

In the absence of any obligation imposed by statute or express agreement it has generally been held that while a landlord is bound to take reasonable care to keep the common halls and stairways of his building reasonably safe for passage of tenants and those lawfully using the same, he is under no obligation to furnish artificial light at night, although such light may be necessary for the safe use of such stairways and halls, unless there is some defective condition which calls for special warning. (*McCabe* v. *Mackay*, 253 N. Y. 440, 442; *Brugher* v. *Buchtenkirch*, 167 id. 153, 156; *Hilsenbeck* v. *Guhring*, 131 id. 674, 675; *Stacy* v. *Shapiro*, 212 App. Div. 723, 726; *Lindsley* v. *Stern*, 203 id. 615, 617; *Nadel* v. *Fichten*, 34 id. 188, 189; *Gorman* v. *White*, 19 id. 324, 326.)

Failure to keep the cellar door locked did not constitute negligence. (*Hilsenbeck* v. *Guhring*, 131 N. Y. 674.)

Section 76 of the Tenement House Law (as amd. by Laws cf 1923, chap. 796) imposes upon the owner of every tenement house situated in all first or second class cities of the State a statutory duty of keeping a proper light burning in the lower hallway near the stairs from sunset to sunrise. As before noted, " The Hartson " is a tenement house. Syracuse is a city of the first class as it was defined in the Constitution prior to January

1, 1924. This accident in question occurred after sundown. Plaintiff, therefore, urges that under this statute a duty rested upon the defendant to have an artificial light burning in the hallway in question at the time she was hurt. Her counsel requested the trial court to permit the jury to determine whether at the time of this accident the hall was properly lighted in compliance with the statute above referred to, and, if they found it was not, to predicate negligence on the failure to observe such mandate. This request was refused, the trial court hold ng that the section in question was not applicable to this action. I think that the request of counsel should have been granted. So far as it applies to the situation here, section 76 of the Tenement House Law, as it stood on the date of this accident, provides as follows: " In every tenement house which is occupied by more than two families on any floor, the owner shall provide a proper light in the entrance hall and public halls, near the stairs, on every floor. * * * Every light required by this section shall be at least twelve candle power and shall be kept burning by the owner every night from sunset to sunrise throughout the year."

While it is true that the Legislature, in enacting this statute, had in mind a light in the hall which would illumine the stairway and enable persons using the same to see their way, so as to avoid stumbling and falling (*Bornstein* v. *Faden*, 149 App. Div. 37, 41), we do not think that was the sole purpose of the statute. A light near the stairs would of necessity shed its rays in the hallway itself, as well as on the stairs, and one lawfully in the hall would have the advantage of that light. We think that the Legislature had in mind the hallway as well as the stairs when it enacted this statute.

In the absence of contributory negligence on the part of the plaintiff, the violation of this statutory duty, if it was the proximate cause of the accident, would make the defendant liable. (*Schindler* v. *Welz & Zerweck*, 145 App. Div. 532; *Lather* v. *Bammann*, 122 id. 13; *Martin* v. *Herzog*, 228 N. Y. 164; *Amberg* v. *Kinley*, 214 id. 531.)

No artificial light was necessary in the cellarway, but we think that the jury might have found, had a proper light been burning near the stairs, that it would have illuminated the space ahead of the plaintiff, when she opened the door, so that her view would not have been obscured by total darkness. With this light she might have discovered her mistake, and the accident might possibly have been averted. If so, the violation of this statute had some causal connection with the accident. If, on the other hand, the situation was such that a proper light near the stairs would not

have lightened this dark spot, the failure to comply with the statute would not have been the proximate cause of the accident, and could not be made the basis of any negligence on the part of the defendant. This, we think, was a question for the jury. If so, the refusal of the court to charge as requested was prejudicial error.

Plaintiff was permitted to show that she had been invited to dine with Miss Harris on the night of the accident. The rest of the conversation between the two was excluded. Ordinarily a talk between one party and a stranger, which was not had in the presence of the other party, is inadmissible. Plaintiff claims that this rule does not apply here, and that this discourse was admissible because it had some bearing on the reasonableness of her conduct in opening this door, which she says she thought was the entrance to her hostess' apartment, without making her presence known. If this proffered evidence bore on that subject, and that was its purpose, we think that it was competent.

It is true that Miss Harris had no connection with the defendant, and no authority to bind it in any way. Under such circumstances, anything which she said would not justify the plaintiff in feeling her way about in the hall, if she could not see, and in pushing open any door which she might come to, and entering in the dark. (*Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513.) . But we do think that it might have some bearing on the propriety of her attempt to enter her friend's apartment, without the formality of knocking or ringing a bell, when otherwise the jury might have thought that she was hardly justified in so doing.

Appellant's criticism of the court's charge relating to plaintiff's contributory negligence is unjustified. As we read the charge on that subject, it is full, clear, complete and eminently fair to both parties. Plaintiff's freedom from contributory negligence was an important and close question in the case. The rule requiring the plaintiff to show that she was free from negligence cannot be ignored. It was as much the duty of the trial judge to call the attention of the jury to that rule and its application to the facts of the case, as to the other questions presented by the evidence. A trial judge fails to perform his duty when in his charge he slurs over any important issue, and fails to give the jury such information as will enable them to properly decide the question.

The plaintiff claims she opened the wrong door because of her inability to see just where she wanted to go. If the hallway was dark, a greater duty rested upon the plaintiff to exercise care for her own safety than would otherwise have been cast upon her. It is common knowledge that danger lurks in groping about in a strange place in the darkness. Had the plaintiff voluntarily

proceeded after opening the celler door, when she says that she could see nothing ahead of her, she would undoubtedly have been guilty of contributory negligence as a matter of law. (*Rowell* v. *Hutzler Lumber Co., Inc.*, 228 App. Div. 158; *Brown* v. *Associated Operating Co.*, 165 id. 702; *Dailey* v. *Distler*, 115 id. 102; *Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513; *Rohrbacher* v. *Gillig*, 203 id. 413; *Brugher* v. *Buchtenkirch*, 167 id. 153; *Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 id. 224, 230.)

The fact that the plaintiff stopped when she opened the door, and that she fell, not because she walked forward, but by reason of losing her balance (if that was the cause of her fall) undoubtedly saved her from a nonsuit. Had she proceeded blindly and fallen, she would have been guilty of contributory negligence as a matter of law, under the rule laid down in the above and kindred cases. The jury would have been amply justified on the evidence in finding her guilty of negligence.

We feel, therefore, that the trial court committed no error in charging the jury fully and completely upon the duty which confronted her, and the consequences of any failure on her part to comply with the obligations which rested upon her.

Plaintiff called an alleged expert, and attempted to show that the construction of the cellar stairs was not a proper one. The court committed no error in ruling out this evidence. The examination of the stairway was made by the witness at least a year after the accident, and there was no evidence that the stairs at that time were in the same condition they were on the day of the accident. Furthermore, there was no allegation in the complaint of any faulty construction of the cellar stairs. The evidence was inadmissible under the pleadings.

Neither do we think that the court committed error in excluding proof of previous accidents. That evidence is only competent when the physical conditions are similar to those existing at the time of the accident. (*Gillrie* v. *City of Lockport*, 122 N. Y. 403, 407; *Brady* v. *Manhattan R. Co.*, 127 id. 46; *Morrow* v. *Westchester El. R. Co.*, 54 App. Div. 592; affd., 172 N. Y. 638; *Gustafson* v. *Young*, 91 App. Div. 433; *Perras* v. *United Traction Co.*, 88 id. 260, 262.)

The trial court very properly asked the jury to step aside during various discussions between counsel concerning the admissibility of certain evidence. This is common practice, and should be encouraged and not criticised. By following such procedure a free discussion can be had without fear of anything being said by counsel or the court which will prejudice either party with the jury. The criticism of appellant's counsel to this practice is especially ill-timed and entitled to little consideration in view of the fact that on one

occasion at least the jury were asked to retire at his request so that he could make his position clear.

Because of the refusal of the trial court to permit the jury to find the defendant negligent in event that it violated the provisions of section 76 of the Tenement House Law, we think that the judgment appealed from should be reversed.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.