MILLIE HARKER CREASY, Respondent, v. EASTERN GREYHOUND LINES, INC., OF NEW YORK, Appellant.

Third Department, November 18, 1936.

*Herbert H. Ray* [*Quinn, Higgins & Tormey; William F. Quinn* of counsel], for the appellant.

*Keenan, Brink & Harrison* [*George G. Coughlin* of counsel], for the respondent.

McNAMEE, J. The plaintiff was a regular passenger on the bus of the defendant. Upon arriving at Binghamton in the dark at five-fifteen in the morning of October 26, 1935, she left the bus to enter defendant's station for a rest period. The bus stopped at the entrance to the station, adjacent to a step two and one-half feet wide and at a level ten inches below the station platform, the latter being four and one-half feet wide and on a level with the station floor. About three feet above the entrance to the station an electric lamp was suspended from a bracket. While standing on this lower level or step, the plaintiff fell, and she sustained the injuries for which a verdict of $5,000 was rendered.

The appellant urges that the findings of negligence on the part of the defendant, and freedom from contributory negligence on the part of the plaintiff, were against the weight of the evidence. Also, that prejudicial evidence was erroneously admitted. The action was tried on the theory that the step and the platform were not adequately lighted, and not on the theory of any defect in the structures.

The plaintiff testified that she stepped from the bus onto the lower level or step, subsequently struck her foot against the riser to the second level, and fell; that it was dark, that she could not see the riser was there, and did not know it was there, because she had never been in the place before. She testified she could not see the platform; that she did not see any lights shining on the platform, and did not know that the second level was there. Another witness, who was familiar with the premises, testified that when she went by there at night there were lights on that side of the building; that they tilted in towards the door and down on the platform; that these lights were suspended from brackets, and threw light in towards the doorway and down on the platform in front of the door. This is plaintiff's evidence of the lack of light.

No one testified that the light over the door, and the other lights along the building, were not burning, and the proof is that they were; whereas, the plaintiff testified only that she " saw no lights." Several other passengers passed from the bus into the station and returned, at the same time, without mishap. One of the passengers testified that he read his ticket with the aid of the light over the entrance, while standing on the platform; and another witness testified he saw the steps from where he worked across the street. Upon the view most favorable to the plaintiff, the questions as to the adequacy of light, and of contributory negligence, are close, and but faintly sufficient to justify the submission of those questions to the jury.

The closeness of the case gives rise to a serious question upon the admission of certain evidence. The plaintiff swore a witness who had been the agent of the defendant in charge of this station about three years before, and who had been discharged. He testified that the platform and step have remained substantially in the same permanent condition from that time up to the time of the accident. And, over the objection and exception of the defendant, this witness was asked whether he " ever observed people, and by that I mean passengers, alighting from buses, stumble or fall? " To this question objection was made that the conditions were not shown to be similar, and that it was not even shown whether the observations were made during daylight or dark. Thereupon the following record was made: " Why, I cannot name specific instances, no, but I believe people have— * * * Q. Do you mean by that answer you do not recall the names of the persons or the exact circumstances? A. I do mean just exactly that; yes, sir. * * * Q. Do you recall the occasions and the fact, if that is a fact, that there were prior accidents there? A. I would not say accidents, no. * * * Q. Just what do you recall? A. Well, it has been three years since I have been there, and I know that people have stubbed their toe on that upper level, but I cannot say anything more definite than that. * * * Q. On how many occasions have people fell there to the best of your recollection? A. I can't state. Q. Half a dozen or two or three? A. Probably two or three. * * * Q. Two or three, did you say? A. Two or three, yes."

Of course, there was no proof that plaintiff " stubbed her toe," or " stumbled," and the witness stated that he did not recall the circumstances, and that he meant " just exactly that." It will be observed that no foundation was laid for the objectionable testimony. It was not made to appear what were the surrounding circumstances, or the condition of the people alleged to have stubbed their toes, or stumbled, and fallen, or why they stubbed

their toes, or stumbled, or fell; whether the place at those times was wet or dry, whether it was obstructed by parcels or baggage, whether it was affected by snow or ice, whether people fell in daylight or in the dark, whether lights were burning or not. No proof was offered to indicate that the conditions were the same, or even similar, or what was the cause which forced people to stumble or to fall at that place three years before, if that were so. The trial was not conducted on the theory that the step or platform was uncared for, obstructed, or otherwise dangerous, or was slippery, or made of improper materials; but on the theory that the place where plaintiff was induced to alight from the bus and enter the station was inadequately lighted. The admission of this evidence was clearly prejudicial, and was error. (*Brady* v. *Manhattan R. Co.*, 127 N. Y. 46, 50; *Gillrie* v. *City of Lockport*, 122 id. 403, 407; *Morrow* v. *Westchester Electric R. Co.*, 54 App. Div. 592, 594; affd., 172 N. Y. 638; *Alexander* v. *American League Baseball Club*, 236 App. Div. 715, 716; *Schabel* v. *Onseyga Realty Co., Inc.*, 233 id. 208, 213.)

The court then enlarged on the error, when commenting on this evidence. The trial judge told the jury that " It is perfectly proper to prove in an action of this nature that if the conditions surrounding the structures, the platform in this case, and the conditions surrounding its illumination, were the same, exactly the same on some previous occasion, and an accident happened, to prove it as bearing upon whether or not there was negligence in the failure to remedy the condition." This instruction may be regarded, in form, as a fair statement of the rule; but also it was tantamount to telling the jury that there was evidence in the case to justify them in finding that the conditions that prevailed at the time of the previous accidents were the same as those when plaintiff fell, and that the accident happened substantially in the same way. Manifestly there was no such evidence.

In view of the closeness of the question on the adequacy of light, and contributory negligence, errors in the admission of improper evidence will be more closely scrutinized than in a case where the evidence is material and convincing, apart from that illegally admitted. (*People* v. *Russell*, 266 N. Y. 147.)

The judgment and order should be reversed, and a new trial granted, with costs to abide the event.

HILL, P. J., and HEFFERNAN, J., concur; CRAPSER and BLISS, JJ., dissent and vote to affirm.

Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event.