BURT W. HEIMER, Respondent, *v.* FRANK STENTO et al., Appellants.

Third Department, May 8, 1946.

*Kramer, Night & Wales,* attorneys (*Donald W. Kramer* of counsel), for appellants.

*Keenan, Harrison & Coughlin,* attorneys (*George G. Coughlin* of counsel), for respondent.

HILL, P. J. Plaintiff-respondent has recovered a judgment against appellants, the owners of a building known as the Capitol Theatre Building, located in the city of Binghamton, on account of injuries received by falling down the elevator shaft from the lobby floor to the basement. He was the office manager of a tenant who occupied the sixth floor. It was his custom to arrive at the building about eight o'clock in the morning, which was the time when the operator was supposed to start the elevator. When the operator was not in charge, it was the custom of tenants and others using and occupying the upper floors to open the door of the elevator shaft by the use of a bar of iron called a key, which would release the catch on the sliding doors. This device was kept on the mailbox. Appellants furnished the device and had knowledge of the use of the elevator during the absence of the operator. It appears that plaintiff-respondent did not operate the elevator himself, but if he came before it was in service, he would use the key to open the doors, turn on the light within the elevator, and sit inside until the operator arrived. It was the custom, as well as the duty, of the operator when he arrived and took charge of the elevator, to turn on lights in the lobby adjacent to the shaft. On the day of the accident the evidence sustains a finding that the operator did not turn on the lights when he arrived, but at once took the car to an upper floor. When plaintiff-respondent arrived he opened the doors by the use of the key, reached inside to turn on the light within the elevator as was his custom, lost his balance and fell to the bottom of the shaft, receiving injuries of a quite serious nature. The elevator shaft was located in the rear of the lobby and more than thirty feet from the outside entrance of the building. The area was dim unless the lights were on.

Appellants' negligence is predicated both upon the common law, which requires the owner of a building property to light dangerous areas used by the public; and upon the violation of the Industrial Code of the State formulated by the Department of Labor [see Bulletin No. 8, rule 424, subds. a, b; rule 441, subd. b], requiring entrances to elevator shafts to be lighted properly while cars are in service. The jury was permitted to consider evidence concerning either theory in determining whether appellants were negligent. No objection was taken to the court's charge as to negligence or contributory negligence, except that the appellants, by an exception, raised the question whether there was any proof of negligence and whether respondent was not guilty of contributory negligence as matter of law.

The judgment is assailed for the reasons earlier stated, and for excessiveness, also, because of testimony received concerning two accidents which had happened under quite similar circumstances some ten years ago. Plaintiff was permitted to establish that in 1934 and 1935 there had occurred similar accidents, each happening almost in the identical way of the one involved in this action. Proof of similar accidents at the same locality is competent. (*Brady* v. *M. R. Co.,* 127 N. Y. 46; *Flansburg* v. *Town of Elbridge,* 205 N. Y. 423, 431; *Martin* v. *Metropolitan Jockey Club,* 268 App. Div. 1061; *Hanselman* v. *Broad,* 113 App. Div. 447, 449; *Perry* v. *Village of Potsdam,* 106 App. Div. 297.) The verdict is not excessive.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.