NETTIE BUONONO, Respondent, *v.* EDEL MOLDENKE, as Executor of ALFRED B. MOLDENKE, Deceased, Appellant.

First Department, January 31, 1949.

*Alexander Orr, Jr.,* of counsel (*Evans, Rees & Orr,* attorneys), for appellant.

*Mathew Vener* of counsel (*Charles Himmelman* with him on the brief; *Edmund A. Contento,* attorney), for respondent.

DORE, J. In this action for personal injuries, plaintiff testified that she was caused to trip and fall down a stairway in a multiple dwelling and sustain injuries because a part of the metal nosing on the top step of the stairs leading from the second to the first floor was raised about an inch above the stair and floor level. Her brother and sister testified that such condition existed for at least two or three weeks before the accident.

A former superintendent, defendant's witness, was allowed to testify on cross-examination, over defendant's objection, that " before " the date of the accident in suit, another tenant had an accident " at the same place, on that same stair "; but on

redirect she testified that she did not remember when the other accident happened other than that it was prior to the date of the accident in the case at bar, and it was " a long time ago ", and that she did not see the prior accident but was in her apartment on the first floor when it happened and heard the noise and went out to see what caused it. This was all the evidence with regard to the claimed prior accident.

Plaintiff asked the court to charge " that notice of a prior accident on the same staircase, prior to the time of her accident, to the superintendent was notice of the condition existing to the landlord." The request was improper as it did not cover the time or the conditions causing the prior accident. The court, however, charged that the " rather sketchy " evidence of the prior accident was admitted " to show a defective and dangerous condition, and, secondly, to show that defendant had notice of such defective or dangerous condition ", and that the jury " will accept that. evidence, sketchy as it may be " in determining the existence of a dangerous condition and defendant's notice thereof. Defendant duly excepted and properly urged upon the court that the evidence of the prior accident was no evidence of notice of the condition which plaintiff in the case at bar claimed caused her accident because there was no proof as to when the prior accident occurred or the cause of such accident.

It was error to permit the evidence of a claimed prior accident with no proof to show the time when it occurred and no evidence whatever to show that the conditions causing it were materially the same as those claimed to have caused the accident in suit (*Creasy* v. *Eastern Greyhound Lines, Inc., of N. Y.,* 249 App. Div. 59; *Schabel* v. *Onseyga Realty Co.,* 233 App. Div. 208; *Gustafson* v. *Young,* 91 App. Div. 433). The charge granted with regard to the alleged prior accident emphasized the error in the admission of the evidence and permitted the jury to speculate as to when the accident happened and whether the conditions causing it were the same or even similar to the conditions complained of in the accident in suit. On such record we may not say that the errors noted were not prejudicial.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

PECK, P. J., GLENNON, CALLAHAN and SHIENTAG, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.