Deyo, J.
The plaintiff was injured when he fell into an elevator shaft in an office building owned by the Kinwood Realty Corporation (hereinafter referred to as Kinwood). For some little time he and one Sidney Smith, the superintendent of the building, had been working nights and Sundays moving partitions for one of the tenants. On December 16, 1945, a Sunday, when the building was closed to the public, they met by appointment at the outer door, intending to continue their work for the tenant. Smith used his key to admit them to the building and indicated the, elevator they would use to reach the upper floors. The elevator selected was the one they had come down on the night before and which had been left at the lobby floor. Smith procured a key from behind a nearby radiator and unlocked the door to the elevator shaft. He opened the door, and as he was replacing the key the plaintiff stepped into the unlighted shaft. The elevator, however, was not there and the plaintiff fell to the bottom of the pit, suffering the injuries complained of. It then developed that employees of the New York Telephone Company (hereinafter referred to as Telephone Company), had arrived at the building some little time earlier to do some work in an office occupied by another tenant, using a key to the building furnished by that tenant. Acting under that tenant’s instructions they had taken the elevator to transport themselves and their equipment to the floor where their work was being done.
The jury could and did find negligence on the part of the defendant Kinwood. The plaintiff, as an employee of a tenant of the building, was properly on the premises. He was there at that time and on that day by the invitation expressed or implied, of Smith, the superintendent of the building. So far as he was concerned, the building was no longer “ closed.” He was in the same position as any other business visitor or invitee, and as such, Kinwood owed him the duty of keeping the premises reasonably safe. The lobby to which plaintiff was admitted was unlighted. There is a dispute as to the degree of illumination which came from outside, but whether it was large or small, the evidence clearly indicates that it was insufficient to permit the absence of the elevator to be observed. A failure to have sufficient lights in a public or semipublic place may constitute negligence. (Zits v. Waxberg, 260, N. Y. 597; Heimer v. Stento, 270 App. Div. 665, motion for leave to appeal denied 296 N. Y. 1058.) Moreover, there was active negligence "on the part of Smith, the building superintendent. *685 It was he who designated the elevator to be used. It was he who unlocked it, opened the door and tacitly, at least, invited the plaintiff to enter, without turning on the lobby lights, looking into the shaft or taking any precautions whatsoever to ascertain that the elevator was at that floor. Smith’s negligence and carelessness in this respect cannot be excused by the fact that he expected the elevator to be at the lobby floor where he had left it the night before, since admittedly, he knew that other tenants had access to the building and that they at times operated the elevators. Nor may Kinwood avoid responsibility for Smith’s negligence on the theory that he was acting as an employee of one of their tenants at the time the accident occurred. Smith had been superintendent of this building for ten years. As such he carried a key and was free to enter the building as he chose. He had an office in the building and supervised the help. He operated the elevators pursuant to a license issued to him in his capacity as superintendent. He saw to it that the building was closed and locked and at times, particularly Sundays, he took care of the fires. He admitted workmen, such as this plaintiff, to the building when necessary, and arranged to transport them to the required floors. If anything went wrong or required attention while he was on the premises, be it during his regular hours of employment or not, it was his responsibility. In short, he, as Kinwood’s alter ego, was in complete charge of the building. The fact that he had accepted special employment from one of the tenants and was on his way to their offices when the accident occurred did not alter his status or divest him of his responsibility. At the time he unlocked the building, selected the elevator, opened the elevator door and invited the plaintiff to enter he did so as an employee of Kinwood. When he failed to turn on the light or to take any precautions to make sure the elevator was there he was likewise acting in that capacity and his negligence in this regard was properly attributed to that corporation.
The situation is entirely different as to the defendant Telephone Company. There is a dispute as to whether or not its employees had secured Smith’s consent to enter the building and to use the elevator. Be that as it may, it is undisputed that they did so at a tenant’s invitation. The invitees of a tenant, unless in some way restricted, have a right to the reasonable use of all usual methods of ingress and egress, including elevators. (Federal Waste Paper Corp. v. Garment Center Capitol, 268 App. Div. 230, affd. 294 N. Y. 714.) *686 Admittedly, and -to Kinwood’s knowledge, employees of this particular tenant occasionally operated the elevator during the hours when the building was closed to the public. The Telephone Company employees stood on much the same footing and had the same rights and privileges, but even if we assume that they were trespassers and that their use of the elevator was not authorized, liability on the part of the Telephone Company does not necessarily follow. Their acts did not constitute negligence. Their conduct was not contrary to that of a reasonably prudent and careful person under the same circumstances. They created no trap or hazard. They left the illumination as they found it. They left the door to the shaft closed and locked. Certainly they could not be expected to have foreseen or anticipated that this building superintendent would subsequently unlock and open the door without first ascertaining the location of the elevator. The closed and locked door was itself a warning to all and sundry that the elevator might not be there. No further notice was required. Moreover, plaintiff’s accident was not a natural or probable consequence of moving the elevator. It resulted from an entirely independent and intervening act of negligence on the part of Smith, and hence, whatever the Telephone Company employees may have done or failed to do was not the proximate cause of the accident.
The jury has found that the plaintiff was not guilty of contributory negligence. Such a finding is in accordance with the facts and with the law. It is true that the plaintiff stepped through a darkened elevator door when he could see nothing. Under some circumstances this might well be held to constitute contributory negligence, even as a matter of law. However, in the present case the jury might and apparently did conclude that his conduct was induced or invited by the actions of the building superintendent. It is error to say that the plaintiff’s conduct in this respect is to be adjudged by the same standards as are applied to Smith. It was Smith, as building superintendent for Kinwood, who owed the duty, not the plaintiff. It was Smith who selected the means to be employed to reach their destination. It was Smith’s directions which were relied upon. Kinwood may not now take refuge in the claim that because their employee’s judgment was wrong the plaintiff’s judgment was likewise faulty.
We find no reversible error in the charge or the court’s rulings.
■The judgment is not excessive.
*687 The judgment as against Kinwood Eealty Corporation and the order denying its motion should be affirmed, with costs to the plaintiff.
The judgment as against New York Telephone Company and the order denying its motions should be reversed on the law and the complaint dismissed as to that defendant, with costs to it.
Foster, P. J., Heffernan, Bergan and Coon, JJ., concur.
Judgment against Kinwood Eealty Corporation and the order .denying its motion are affirmed, with costs to the plaintiff.
Judgment against New York Telephone Company and the order denying its motions are reversed, on the law, and the complaint dismissed as to that defendant, with costs to it.
This court affirms the facts implicit in the judgment.