JOAN BAJUS, an Infant, by RUDOLPH BAJUS, Her Guardian ad Litem, Plaintiff, *v.* CITY OF SYRACUSE, Defendant.

Supreme Court, Trial Term, Onondaga County, February 20, 1951.

*Paul R. Shanahan* for plaintiff.

*George L. Richardson, Corporation Counsel (James H. O'Connor* of counsel), for defendant.

SEARL, J. A jury has rendered a verdict for plaintiff. The proof disclosed that while sliding downhill in Schiller Park on a slope adjoining the public athletic field the infant received permanent injuries as a result of colliding with one of a line of cedar posts left projecting above the surface. The infant testified that in attempting to avoid colliding with another coaster coming up the slope plaintiff lost control of her sled resulting in a collision with the post.

Evidence was offered of a custom that had existed for years indicating the superintendent of parks had permitted children to use this particular slope for coasting purposes. Proof was

also offered that the city had maintained a heated building in the park for the accommodation of those either skating or sliding. The city charter (Local Laws, 1935, No. 7 of City of Syracuse, §§ 261–263) placed the care, management and control of all city parks, as well as the power to adopt rules and regulations for the protection, safety and welfare of the public therein with the commissioners of parks. On the question of constructive notice to the city of the danger of allowing the posts, that apparently served no useful purpose, to remain at the bottom of the slope in question, the court allowed proof of similar accidents at this particular point.

Two grounds are urged by defendant for granting a new trial. The first is that the admission of proof of similar accidents occurring in the same manner at this identical point was improper for any purpose whatever. The second relates to an article that appeared in the public press.

As authority for the first objection defense counsel cites *Creasey* v. *Eastern Greyhound Lines* (249 App. Div. 59) and *Schabel* v. *Onseyga Realty Co.* (233 App. Div. 208).

In the *Creasey* case it was claimed a defective lighting condition existed at a bus terminal, no structural defects were claimed. As there stated by the court: (p. 62): '' No proof was offered to indicate that the conditions were the same, or even similar ''. No names or description of those claimed to have slipped or tripped previously were given to permit defendant to meet or contradict the proof. The trial court there charged the jury they might consider similar accidents as bearing on whether there was negligence. In the instant case the court specifically called the attention of the jury to the fact that proof of similar accidents could be considered only on the question of constructive, or actual, notice to the city.

In the *Schabel* case, Mr. Justice EDGCOMB, writing for the Fourth Department, approved of the ruling of the trial court in excluding proof of previous accidents as there was no proof offered that the stairs involved in plaintiff's fall were in the same condition when plaintiff fell as on the prior occurrences.

In the instant case the proof of prior accidents was confined to those occurring on the same slope by colliding with objects adjacent thereto.

As the second ground for a new trial urged by defendant, it appears that during the trial an article appeared in the *Syracuse Herald-Journal* headed "Sledding Suit accused City of Negligence." After reciting the major issue raised in the action, to all of which there could be no objection, near the

end of the article appeared the statement: "Introduced as evidence was information contained in a news article of January 27, 1939, which states Marian Campese, then 13, of 515 E. Laurel St. was fatally injured in a similar coasting accident at the same place."

When plaintiff's counsel offered in evidence the article of January 27, 1939, on the question of notice to the city, the court excluded the admission in evidence of any reference to the injuries to the Campese child having terminated fatally, but admitted in evidence only that portion of the article reciting that Marian Campese was injured when her sled crashed into a post in Schiller Park on the Tuesday night previous to the publication of the article of January 27, 1939.

The only additional fact stated in this article was that the accident in January, 1939, terminated fatally. Plaintiff's counsel urged, not in the presence of the jury, at the time of the attempted introduction of Exhibit 6, the article of January, 1939, that evidence of fatal results was competent and material as showing the danger of maintenance of the posts as posing serious consequences. The court, however, excluded it, except as to the fact that an accident occurred at the point indicated, by collision with the post. Although plaintiff cites several authorities to effect that evidence of severity of prior injuries is competent, they may be preserved for presentation, if necessary, to some appellate court. This trial court cannot properly reverse its ruling. If the trial court has erred in excluding the testimony, the question becomes academic.

To avoid any possible prejudicial effect on defendant's right arising from the use of the article with the expression "fatally", the court instructed the jury that under their oaths they were to decide the issues on the evidence and the evidence alone, that "What you may have heard from any other source, except such as has been introduced and received in evidence here, is not to be considered by you".

There is no evidence before the court that any of the jury read or may have been influenced by reading all of the article. If any harm could be garnered by its perusal, it was cured by the court's instruction to the jury.

In reply to argument of defense counsel on this point, plaintiff has cited *Gambon* v. *City of New York* (153 Misc. 401). There during a recess several of the jurymen had clippings from the *Bronx Home News* which they passed around among the other jurors. "But a verdict reached after solemn and due deliberation should not be vitiated unless that violation

resulted in prejudice to the unsuccessful litigants '' was the expression of the court in the opinion. (P. 402.)

*People* v. *Lubin* (190 App. Div. 339) was a criminal case in which the rights of a defendant are likewise most preciously guarded. During the trial a newspaper article appeared '' which reflected upon the defendant, in the main, by indicating that he was an habitual criminal.'' The court did all in its power to minimize any possible mischief. The appellate court remarked that had the same article appeared prior to the selection of the jury, it would not disqualify jurors who had read the article, provided they could swear '' they could and would give an impartial verdict ''. (P. 340.)

In the instant action the amount awarded of $15,000 for the resulting permanent injuries is by no means excessive.

Under all the circumstances this court concludes that a new trial must be denied on both grounds urged by defendant.

Order accordingly.