TILLIE SANDLER, Plaintiff, *v.* HEMLOCK ESTATES, INC., Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, July 30, 1951.

*Newman, Hauser & Teitler* for plaintiff.

*Norman Lustig* for defendant.

MARTUSCELLO, J. Plaintiff moves for a general examination before trial in a negligence action brought to recover damages for personal injuries alleged to have been sustained by her when she was caused to fall down a stairway in a multiple

dwelling. The defendant opposes the motion only insofar as plaintiff seeks, through item "5" of the notice thereof, to examine it concerning similar accidents, on the ground that same is improper and would permit a fishing expedition. To confute this contention, plaintiff cites *Angelson* v. *New York R. T. Corp.* (240 App. Div. 907) as controlling authority for the propriety of the questioned item.

The granting of an order for examination before trial is in the discretion of the court; and only such matters are legitimate objects of inquiry as are shown to be material and necessary in the prosecution or defense of the action. (*Public Nat. Bank* v. *National City Bank,* 261 N. Y. 316.)

Although proof of similar accidents is competent evidence to show the existence of a dangerous condition and the defendant's knowledge and notice thereof (*Brady* v. *Manhattan Ry. Co.,* 127 N. Y. 46; *Heimer* v. *Stento,* 270 App. Div. 665), and examinations thereon have been allowed (*Angelson* v. *New York R. T. Corp., supra; Gale* v. *Board of Educ. of City of Poughkeepsie,* 248 App. Div. 892; *Ippa v. City of New York,* 271 App. Div. 981; all memorandum decisions), it would be imprudent to override an objection to such examination where, as is the case here, the complaint and the moving affidavit are so loosely drawn, as to the acts of negligence on the part of the defendant, that the court is perplexed about what caused the plaintiff to fall, and, consequently, cannot determine what would constitute similar accidents.

In said complaint it is alleged in substance that the defendant, in violation of a statutory duty, failed to provide proper light in the public hall and staircase involved, and to keep same burning, and, further, that it was negligent in failing to provide for the safety of persons using said places, and in failing in any manner or way to warn the plaintiff of the dangerous and hazardous condition, and in failing by any manner or means to prevent persons, and especially the plaintiff, from falling, and that it otherwise acted so carelessly and negligently as to have caused the accident. For aught that appears, these general allegations of negligence have not been amplified by a bill of particulars nor by the plaintiff's moving affidavit, wherein she is content to set forth the facts of her case by merely making a bald statement to the effect that she was caused to be precipitated down the staircase by the defendant's negligence in failing to properly light said place, without otherwise showing how or why she happened to fall. As matters now stand, not

only may the plaintiff claim that the stairway was unlighted or inadequately lighted, but she is not debarred from later asserting that her fall was also due to the absence of a safeguard, or to the presence of an obstacle, or to a slippery condition, or to a defective step.

If any previous accident had occurred on said stairway, proof thereof is not material and admissible unless it is shown that the conditions causing such accident were materially the same as those claimed to have caused the accident in suit. (*Gustafson* v. *Young,* 91 App. Div. 433; *Schabel* v. *Onseyga Realty Co.,* 233 App. Div. 208; *Creasy* v. *Eastern Greyhound Lines, Inc.,* of *New York,* 249 App. Div. 59; *Buonono* v. *Moldenke,* 274 App. Div. 603.) Consequently, an examination in respect thereto should not be allowed, unless it is shown with preciseness and definiteness, be it by way of a sufficiently limited pleading or by an affidavit, what the conditions were which caused the plaintiff's accident, so that the requisite similarity is discernible; otherwise, in the absence of that criterion, the testimony elicited is not material and necessary. The fact that the disputed item is fraught with the possibility of adducing proof which may be material upon the trial, admits the purpose thereof is to speculate and prospect, and points up the questionableness of plaintiff's right to such evidence; and either of such situations justifies the denial of said item. (See *Combes* v. *Maas,* 209 App. Div. 330, and *Newman* v. *Fisher,* 249 App. Div. 637.)

The cases cited above as allowing examinations in regard to similar accidents are not to be relied upon as establishing an inflexible rule which should be controlling on this motion, but, rather, as authorizing such examinations when warranted by the circumstances. This premise is supported by the facts gleaned from the papers on appeal in said cases, which disclosed that in each action the complaint, sounding in negligence and in nuisance, alleged the facts in support thereof with such exactitude as to admit of no doubt of the similarity of previous accidents, if any.

The motion is granted as to all items, except item " 5 ", which is denied without prejudice to make further application thereon. Order signed.