Per Curiam.

Walter Sher appeals from a judgment of conviction of two counts of murder in the first degree arising out of a jewelry store holdup on April 5, 1962. Sher was indicted along with co-felon Dominic Carbonaro on April 13, 1962. Both men pled not guilty. The District Attorney contemplated bringing both Sher and Carbonaro to trial together. Before trial, however, Sher was committed to Matteawan State Hospital. A hearing was held before the County Court, Nassau County, which found that Sher was not sufficiently capable of understanding the charges pending against him to make a defense and confer intelligently with counsel. Carbonaro, therefore, stood trial alone. He was convicted of felony murder on October 4, 1963 and sentenced to death.
Sher was returned from Matteawan on July 23, 1963 to stand trial. His trial commenced on October 8, 1963, four days after Carbonaro had been found guilty. The jury returned a verdict of guilty on November 21, 1963. A separate sentencing hearing was held before the same jury and a sentence of death was imposed.*
Both Sher and Carbonaro appealed their convictions directly to the court. After the appeals were first docketed, a stipulation was entered into by counsel for both defendants and the District Attorney to remand the cases for confession hearings pursuant to People v. Huntley (15 N Y 2d 72). (See People v. Sher and Carbonaro, 15 N Y 2d 798.) Both Sher’s and Carbonaro’s confessions were found to be voluntary. Before *457 Sher’s appeal was again on the calendar for argument, the court affirmed the judgment of conviction of Dominic Carbonaro (People v. Carbonaro, 21 N Y 2d 271). The present appeal is before the court pursuant to the original notice of appeal and the stipulation.
The proof of the substantive crime and the identity evidence in this appeal are substantially the same as that reviewed and affirmed in the separate appeal of Carbonaro. In the Carbonaro case the court found that “The evidence establishing defendant’s guilt was overwhelming” (People v. Carbonaro, supra, p. 275). That is the case again. Sher does not claim that the evidence of his guilt is insufficient. Counsel in his brief candidly concludes that: “ There is no question but that Walter Sher and Dominic Carbonaro were both involved in the perpetration of acts which, assuming a proper and fair trial and a finding of sanity, would justify a conviction.”
The only incident during trial on which there is disagreement in the court as to whether its occurrence requires a new trial is the anonymous communications by telephone with several of the jurors following the close of the People’s case and before submission of the defense. The incident resulted in no palpable prejudice to defendant since each of the jurors during the trial was questioned whether he could sit impartially and confine his verdict to the record evidence, and each answered in the affirmative, despite the telephone calls to Nachbar and others of the jury. This was after each related his own telephone conversations with the anonymous caller and with his fellow jurors. This cures the possible harm under the accepted precedents because the questioning of the jurors and admonition to them serve a real purpose in drawing their attention to the unfairness of their considering anything but the record evidence (e.g., People v. Levy, 15 N Y 2d 159, 166-167; People v. Broady, 5 N Y 2d 500, 514-516; People v. Sorrentini, 26 A D 2d 827; People v. Jackson, 20 A D 2d 918; cf. People v. Hulett, 22 N Y 2d 696, affg. 28 A D 2d 624; People v. Lubin, 190 App. Div. 339, affd. 229 N. Y. 601; see, generally, 66 C. J. S., New Trial, § 51).
Significantly, the juror Nachbar, to whom the only really seriously unfavorable communications were made, stated: “ A. If I may say so, Judge, this incident has done only one thing to me: It has strengthened my resolve to be completely *458 impartial and to be governed by the evidence alone. There was no evidence given me at all yesterday, nothing whatsoever that could be called evidence. It was just somebody’s urging to do a certain thing.”
People v. Cocco (305 N. Y. 282) involved an entirely different situation. There the improper communication came to defendant’s attention after the verdict and there was never an opportunity to 1 ‘ sterilize ’ ’ the jury by appropriate examination and admonition. Parker v. Gladden (385 U. S. 363) involved the vastly more serious situation of a court official, a bailiff, passing on the contaminating words (see, generally, Ann., Prejudicial effect, in criminal case, of communication between court officials or attendants and jurors, 41 ALR 2d 227). That is not to be compared with an anonymous or other irresponsible communication which a juror should easily understand is to be given no credence, if so advised and admonished.
Accordingly, the judgment of conviction should be affirmed.

 As to death sentences in pending cases, see press release of June 1, 1965 by Governor Rockefeller at the time of approval of L. 1965, eh. 1030, § 125.30 (repealed by L. 1967, eh. 791, § 10, enacting a new Penal Law, § 125.30).